# Kevin T. Conway, Esq.
## Attorney at Law
### Licensed in
### N.Y., N.J., CT.

| | |
|---|---|
| *664 Chestnut Ridge Road* | *c/o DeCotiis, Fitzpatrick, Cole & Giblin, LLC* |
| *Spring Valley, NY 10977* | *500 Frank W. Burr Blvd., Ste. 31* |
| *Tel: (845) 352-0206* | *Teaneck, NJ 07666* |
| *Fax: (845) 352-0481* | *Tel: (201) 928-1100* |

October 8, 2018

The Honorable Judge Nelson S. Roman
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

    *Re: 7:18-cv-03236-NSR Plaintiff's Pre-motion Request to File a Motion for Leave to File a Second Amended Complaint to Correct Exhibit*

Dear Judge Roman:

    Kevin T. Conway represents Plaintiff in the above captioned matter. This matter was initially filed as a John Doe against the Internet subscriber assigned the referenced IP address [CM/ECF 1]. Following this Court granting Plaintiff leave to serve a third party subpoena prior to a rule 26(f) conference to learn the Defendant's identity [CM/ECF 8], Plaintiff received the identity of the Internet subscriber assigned the referenced IP address. Following some independent investigation, Plaintiff determined that good cause existed to name the Internet subscriber as a defendant in this matter. However, due to an inadvertent error, the incorrect Exhibit "B" was attached to the Amended Complaint. For the reasons set forth below, Plaintiff requests leave to file a Motion for Leave to File a Second Amended Complaint to correct Exhibit "B".

    Federal Rule of Civil Procedure 15 supplies the legal standard applicable to a motion to amend the complaint. Under Rule 15(a)(1), a party may amend its complaint once as a matter of course 21 days after serving it or 21 days after a responsive pleading. Where, as here, a plaintiff has used its one "matter of course" amendment, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Where a plaintiff has presented underlying facts or circumstances that may warrant relief, the plaintiff "ought to be afforded an opportunity to test his claim on the merits," and the Federal Rules require district courts to "freely grant" leave to amend unless the plaintiff's request to amend is made for an improper purpose. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be 'freely given'"); *In re Gallaudet*, 40 B.R. 828, 830 (Bankr. D. Vt. 1984) ("unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial").

Here, as an inadvertent error the incorrect Exhibit "B" was attached to the Amended Complaint [CM/ECF 20]. Because the claims Plaintiff will bring in the Second Amended Complaint against the Internet subscriber will be identical to the claims brought in the first Amended Complaint, Plaintiff has "just terms" for obtaining leave to amend the complaint to correct Exhibit "B".

Plaintiff has not yet served the Amended Complaint with the incorrect Exhibit "B", no defendant has otherwise entered an appearance, and there will be no prejudice to the prospective party defendant in granting leave to file the above-referenced motion.

For the foregoing reasons, this Court should permit Plaintiff to file a Motion for Leave to File a Second Amended Complaint to correct Exhibit "B".

        Respectfully submitted,

By:    /s/ *Kevin T. Conway*
       Kevin T. Conway, Esq. (KC-3347)
       664 Chestnut Ridge Road
       Spring Valley, New York 10977-6201
       T: 845-352-0206
       F: 845-352-0481
       E-mail: ktcmalibu@gmail.com
       *Attorney for Plaintiff*